## ·TEXAS & N. O. R. CO. v. MITCHELL.
### No. 2676.

Court of Civil Appeals of Texas. Beaumont.
Dec. 28, 1934. ·

·Lamar Cecil, of Beaumont, for appellant.

J. A. Pelt, of Sour Lake, for appellee.

COMBS, Justice.

This case is before us on an agreed statement of facts and a brief by appellant. Appellee has filed no brief.

By deed dated October 29, 1902, H. L. Rogers conveyed to the appellant, Texas & New Orleans Railroad Company, for right of way purposes, 18/100 of an acre of land out of the northwest corner of lot 9 on the Wilde tract of the Stephen Jackson league in Hardin county. The deed was in the form of a general warranty and contained the following reservation: "Reserving· however unto the grantor herein, his successors, heirs and assigns all and singular the oil, gas, coal and other minerals in and under said tract of land, together with all reasonable easements requisite or proper for prospecting use or enjoyment thereof."

In 1916 the appellee, J. F. Mitchell, acquired a seven-eighths working interest in the oil and gas on lot 9 and drilled some producing oil wells on it which are still being operated by him. However, none of the wells are on the right of way tract conveyed by Rogers to the railroad. In 1917 Mitchell entered into a written contract with the railroad company whereby he leased the surface use of the right of way tract for the purpose of erecting· thereon a standard pumping rig, three fuel tanks, two tool houses, and a small building. The agreement obligated Mitchell to use it for such purpose and for none other, and to· pay to the railroad company a rental of $18· per year in advance. Mitchell has paid the annual rental each and every year up to and including the year 1933. The written lease was for a period of three years. When it expired there appears to have been no specific renewal of it, but Mitchell simply continued to pay the same rentals and to occupy the land as before.

In 1933 Mitchell filed two suits against the railroad company in the justice court, seeking to recover all rentals theretofore paid by him to the railroad company. He obtained· judgment for the amounts sued for in the justice court, and on appeal to county court the two suits were consolidated. Upon trial to the court Mitchell obtained a judgment for $72, the county court apparently holding that the other sums sued for were barred by limitation. This appeal is from that judgment.

It appears that appellee's suit was based upon the theory that under the mineral reservation in the Rogers deed, which we have quoted above, he had a right to occupy and use the right of way tract without the payment of rents to the railroad company and that as a consequence he is entitled to recover back the rentals paid. Appellant advances the proposition that appellee was not entitled to recover for the reason that the reservation in the Rogers deed reserved to Rogers, his successors and assigns, the right of using the surface only in connection with the production of oil from the tract conveyed and did not reserve any right to use it in connection with operations on other and different tracts. The contention is perhaps sound, but we do· not think it necessary to decide it. It appears without dispute that appellee Mitchell paid the rentals to the railroad company in com-

pliance with a voluntary agreement to do so, and regardless of whether he would have had a right to insist upon using the right of way without paying rent, he elected to make the contract and to pay the rentals in accordance with it. So far as shown by the record the contract may have been a just and proper settlement of the rights and equities of the parties. Upon the record we cannot discover any theory upon which Mr. Mitchell would be entitled to recover back the rentals so paid.

It follows that the judgment of the trial court should be reversed and judgment here rendered for appellant, and it is so ordered.